**MEENAN & ASSOCIATES** LLC

Attorneys At Law
www.meenanesqs.com

299 Broadway, Suite 1310
New York, NY 10007
Phone: (212) 226-7334
Facsimile: (212) 226-7716

By ECF

March 30, 2016

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square, Room 619
New York, New York 10007

Re:  *Vargas v. City of New York, et al.*
     Civil Action No.: 15-cv-8016 (ER)
     **Request for Pre-Motion Conference At The Time of the Initial Pretrial Conference**

Dear Judge Ramos:

The firm represents Yaquelin Vargas, a New York City police officer, in the above referenced employment related disability matter. The defendant City of New York is represented by Lawrence Profeta of the City's Law Department.

This case is presently set for an initial conference before the Court on April 26, 2016 at 11:20 AM. It is my understanding that Mr. Profeta wishes to adjourn this conference for one week. I have consented to that request.

I write to request that the Court address at the initial conference plaintiff's application to supplement her complaint pursuant to F.R.C.P. § 15(d). This is the first such request and is made necessary because the defendant will not consent to the plaintiff's application.

Plaintiff Vargas seeks to supplement her complaint with relevant events that have transpired after October 13, 2015, the date her initial complaint was filed (Dkt. 5). In her initial complaint, Vargas claims that she has been subject to disability discrimination by her employer because the police department maintained a policy which required all tenured officers to have "normal hearing without the use of hearing aid". In September of 2011, Vargas sustained an injury to her right ear while at the firing range resulting in hearing loss. This disabling condition has been addressed by and with the use of a hearing aid which provides Vargas with sufficient hearing to perform the essential duties and functions of her job. As a result of the hearing aid ban policy, the medical division of the New York City Police Department has not cleared Vargas to return to full duty with a hearing aid.

While the initial complaint has been pending, the Police Commissioner adopted a new policy addressing hearing requirements for tenured police officers, such as Vargas in December of 2015. The new policy was instigated by two hearing impaired police officers who challenged the police department's hearing aid ban policy as per se discriminatory in the case of *Phillips v. City of New York*, 1:11-cv-6685 (KPF). As a result of a settlement reached in that case, the police department agreed to undertake an internal review of its hearing aid ban policy. This review resulted in the adoption of the December 2015 policy which is as adverse to Vargas as the prior hearing aid ban policy. The new policy is ambiguous, discretionary and lacks a defined and empirically based standard for hearing which is applicable to all officers, hearing impaired and non-hearing impaired. Vargas has still not been medically cleared to return to full duty and is now subject to the new 2015 hearing qualification standard.

The plaintiff has sought to supplement her complaint in a timely manner; she does not seek to add a new defendant; and there can be no prejudice to the defendant as the prosecution of this case has just commenced and discovery has just begun. On the other hand, the plaintiff will be prejudiced if denied the opportunity to challenge this new qualification standard because her relief will be incomplete.

In addition, judicial economy and efficiency will be adversely effected because plaintiff will have no choice but to institute a second action challenging the new policy as discriminatory, absent leave to supplement her complaint.

Thus, I request the Court address plaintiff's application to supplement her complaint at the initial conference.

Yours truly,

*(signature)*

COLLEEN M. MEENAN
Cmm:cm
Cc: L. Profeta
    Y. Vargas